UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM L. LILE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00170-JMS-DLP |
| ) | |
| DICK BROWN Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of William L. Lile, Jr., for a writ of habeas corpus challenges a prison disciplinary proceeding, WVD 16-12-0002, in which he was found guilty of possession of altered property. For the reasons explained in this entry, Mr. Lile's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On November 30, 2016, Officer Case issued a Report of Conduct to Mr. Lile for a violation of Code B-228, possession of altered property. The Report of Conduct stated:

> On 11-30-16, I C/O D. Case was assigned to the left wing of PHU. At approximately 9:45 p.m. while conducting a targeted cell search of PHU 111 I did find a combination lock with the face missing and six pieces of fabric tied to the latch. Offenders Lile, William #895654 and Martin, Daniel #105614 both reside in PHU cell 111.

Dkt. 7-1.

Mr. Lile was provided notice of the offense on December 5, 2016. Dkt. 7-2. Mr. Lile requested the use of a lay advocate and three witnesses, Officer Case, Wiggins, and his cell-mate, Martin #105614. *Id*. "Wiggins" apparently referred to another officer at Wabash Valley, but the screening officer noted that an officer by that name could not be located as employed at the facility. *Id*.

Mr. Lile also requested physical evidence: "Lile's bunkie (Martin) will show bracelets and necklaces that he makes and uses the property as a weight for them." *Id*. Mr. Lile relies on this notation as Mr. Martin's witness statement. Dkt. 2 at 3 ("Mr. Daniel Martin #105614 told Screening Officer Ms. Zimmerman and she wrote on my Notice of Disciplinary Hearing [Screening Report] State Form 39585 [R7/1-14]; Lile bunkie [Martin] will show …").

Officer Case stated that:

> Offenders Lile #895654 and Martin #105614 both received a Conduct Report for "Altered Property." Neither offender received a Conduct Report for a "Weapon." I do not have the ability to predict what any of the above mentioned Offenders were going to use the altered lock for in the future. Conduct Reports are completed using factual information and evidence.

Dkt. 7-3.

The disciplinary hearing was held on December 8, 2016. Dkt. 7-5. Mr. Lile stated, "It aint mine. That's all I can say." *Id*. The Hearing Officer found Mr. Lile guilty based on staff reports, statement of offender, evidence from witnesses, a photo of the item, the confiscation slip, and the physical item present at the hearing. *Id*. The recommended and approved sanctions were a written reprimand, loss of phone privileges, disciplinary segregation, a one credit class demotion, and 90 days of lost earned credit time. *Id*. The Hearing Officer imposed the sanctions because of the seriousness and nature of the offense, as well as the degree to which the violation disrupted/endangered the security of the facility. *Id*.

Mr. Lile appealed to the Facility Head on December 9, 2016. The appeal was denied on January 26, 2017. Dkt. 7-8. He then appealed to the Final Reviewing Authority, who denied his appeal on February 7, 2017. Dkt. 7-9.

### III. Analysis

Mr. Lile alleges that his due process rights were violated during the disciplinary proceeding. He claims that he should not have been found guilty because his cell-mate admitted to possessing the item and explained what it was used for. He further argues that the Hearing Officer should have based the decision on his cell-mate's statement and dismissed the charge against Mr. Lile immediately. Dkt. 2, p. 3.

In these claims, Mr. Lile is essentially asking the Court to reweigh the evidence, which is something the Court cannot do. At the hearing, Mr. Lile said, "It ain't mine. That's all I can say." Dkt. 7-5. Both offenders were charged with possession of the "altered property." Dkt. 7-3. Even if the Hearing Officer credited the cell-mate's statement that he used the lock for making bracelets and necklaces, the cell-mate's ownership or possession would not preclude Mr. Lile from also being held accountable for the same lock because "two individuals may exercise joint

possession." *Giles v. Hanks,* 72 Fed.Appx. 432, 433-43 (7th Cir. June 25, 2003); *see also Shelby v. Whitehouse,* 399 Fed.Appx. 121, 122 (7th Cir. Nov , 2010) ("it has not been established to this day that collective responsibility among prisoners is unconstitutional."); *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992) (holding that evidence found in a cell occupied by four inmates shows a twenty-five percent chance of guilt which constitutes "some evidence"). In addition, the Disciplinary Code for Adult Offenders defines possession to include "[o]n one's person, in one's quarters, in one's locker or under one's physical control." http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf at 5. "For purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." *Id.* Under Seventh Circuit precedent and prison regulations, Mr. Lile "possessed" the lock because it was found in his cell which he shared with only one other inmate.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is

whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. There was evidence supporting the charge in this case. Mr. Lile's challenges to the sufficiency of the evidence are **denied.**

Mr. Lile also claims that the Facility Head did not respond to his appeal within the time frame established by Indiana Department of Correction ("IDOC") policy. Dkt. 2, p. 4. Any violations of IDOC policy are not cognizable claims because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Accordingly, this claim is **dismissed.**

Mr. Lile was given proper notice and had an opportunity to defend the charge. The Hearing Officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Lile's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Lile's petition for a

writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 3/22/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov

WILLIAM L. LILE, JR., 895654
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only